[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12670

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOHN WILLIAM LUPER, III,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:18-cr-00064-MW-MAF-1

_____

Before JORDAN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

John Luper appeals his 36-month sentence imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  He argues that the district court plainly erred when it applied a one-point acceptance of responsibility reduction under U.S.S.G. § 3E1.1(a), and when it considered his rehabilitation in determining the appropriate sentence in violation of *Tapia v. United States*, 564 U.S. 319 (2011).  Because we conclude there was a *Tapia* violation and it affected Luper's substantial rights, we vacate his sentence and remand for resentencing.

## I.    Background

Luper pleaded guilty to being a felon in possession of a firearm.[1]  At sentencing, the district court acknowledged that Luper had several factors that weighed in favor of a lesser sentence—such as his supportive family, a good job, that he was a good provider, and that he had never been to prison before—but stated that it was concerned that Luper's drug use could lead him to killing or injuring others while driving a semi-truck.  Thus, the district court stated that it had "to fashion a sentence that doesn't

---

[1] Luper had a prior 2013 felony conviction for possession of a firearm by an illegal drug user.

20-12670                Opinion of the Court                3

put [Luper] back out using drugs." The district court then explained that

> a combined period of in excess of five years is necessary because [Luper] need[ed] to be clean—when I say "five years," five years adding supervision as well as time in prison is necessary because there's studies that suggest at least five years is necessary for sobriety to give you—makes it far more likely that you will successfully stay off drugs. Because you are an addict and you will be an addict until the day you die. The question is can we give you the mechanisms to stay off drugs.
>
> And I'm going to create that sentence by fashioning a sentence that the government probably is going to think is too short and you are going to think is way too long. . . .
>
> I'm going to give you three years, which is less, about half the guidelines, which is a significant variance. . . . I'm going to follow that with three years of supervision. . . .
>
> The only way that we are going to keep you from committing similar offenses is to make sure that you're not on drugs. And one way I'm going to do that is three years of forced sobriety, followed by three years of supervision with drug treatment.

Accordingly, the district court imposed a sentence of 36 months' imprisonment, to be followed by three years' supervised release, which was well below the guidelines range of 70 to 87 months'

4                        Opinion of the Court                    20-12670

imprisonment.  Luper did not object to the sentence.  This appeal
followed.[2]

## II.    Discussion

Luper argues that the district court plainly erred and violated *Tapia v. United States*, 564 U.S. 319 (2011), when it considered the benefits of rehabilitation when sentencing him.

When, as here, a defendant fails to object to the alleged sentencing error in the district court, we review only for plain error.  *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014).  To prevail under plain error review, a defendant "must show that the district court made an error, that the error was plain, and that it affected his substantial rights."  *United States v. Iriele*, 977 F.3d 1155, 1177 (11th Cir. 2020).  If the defendant satisfies these three prongs, then we have discretion to reverse the district court "only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.*

In *Tapia*, the Supreme Court held that federal courts may not "impos[e] or lengthen[] a prison term in order to promote a criminal defendant's rehabilitation."  564 U.S. at 321.  And we have held that "*Tapia* error occurs where the district court *con-*

---

[2] Initially, Luper's counsel filed a motion to withdraw as counsel along with an accompanying brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967). A judge of this Court denied the motion, concluding that a review of the record revealed issues of arguable merit, and ordered counsel to file a merits brief on the two issues set forth in this appeal.

*siders* rehabilitation when crafting a sentence of imprisonment." *Vandergrift*, 754 F.3d at 1310 (emphasis in original). Here, the record establishes that the district court considered Luper's need for rehabilitation when crafting his sentence, which was plain error under *Tapia* and *Vandergrift*.

Nevertheless, Luper must show that the error affected his substantial rights. In *Vandergrift*, we concluded that a *Tapia* error did not affect the defendant's substantial rights because it was clear from the sentencing transcript that the rehabilitative considerations were only "a minor fragment of the court's reasoning" and that "[t]he court's primary considerations were for the safety of the public and deterring others from similar conduct." *Id.* at 1312 (quotation omitted). Unlike in *Tapia*, however, in Luper's case, the rehabilitative consideration was not a "minor fragment of the court's reasoning." Instead, Luper's rehabilitation was the primary concern and driving force behind his sentence. The district court explained that it was imposing the sentence it did in order to get Luper off of drugs by "three years of forced sobriety, followed by three years of supervision with drug treatment." Thus, we conclude that there was an error, the error was plain, and it affected Luper's substantial rights because the sentence imposed was based primarily on Luper's need for rehabilitation in violation of *Tapia* and *Vandergrift*. Consequently, we exercise

6                    Opinion of the Court                    20-12670

our discretion to correct this error, and we vacate Luper's sentence and remand this case to the district court for resentencing.[3]

**VACATED AND REMANDED.**

---

[3] Luper also argues that the district court plainly erred in the guidelines calculation when it applied a one-point acceptance of responsibility reduction under U.S.S.G. § 3E1.1(a).  We held in *United States v. Carroll*, 6 F.3d 735, 741 (11th Cir. 1993), that § 3E1.1(a) does not authorize a single-point reduction for "partial" acceptance of responsibility.  Thus, on remand, the district court should also reconsider this issue.